UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRISTAN FLAKE,

    Plaintiff,

v.

Case No. 11-14966

Hon. John Corbett O'Meara

WENDY'S INTERNATIONAL,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, filed January 17, 2012. Plaintiff filed a response on January 25, 2012; Defendant submitted a reply brief on February 8, 2012. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

On November 10, 2011, Plaintiff Tristan Flake filed his complaint, alleging sexual harassment and wrongful discharge under Title VII of the Civil Rights Act of 1964. In his complaint, Plaintiff states that he received his right-to-sue letter from the EEOC on May 7, 2010. As Plaintiff admits, he did not filed his complaint within ninety days of receiving the right-to-sue letter.

Defendant moves for dismissal of Plaintiff's complaint as untimely. In order for a complaint alleging Title VII violations to be timely, it must be filed within ninety days of receipt of the right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1). Plaintiff's complaint was filed more

than a year after he received the right-to-sue letter and is, therefore, untimely.[1]  Absent allegations supporting theories of waiver, equitable tolling, or estoppel, which are not present here, dismissal is appropriate.  See Peete v. American Standard Graphic, 885 F.2d 331, 331-32 (6th Cir. 1989) (affirming dismissal of complaint filed ninety-one days after receipt of right-to-sue letter).    Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED.

                    s/John Corbett O'Meara
                    United States District Judge

Date:  June 15, 2012

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 15, 2012, using the ECF system and/or ordinary mail.

                    s/William Barkholz
                    Case Manager

---

[1] Plaintiff shows that an envelope addressed to him from the EEOC was returned to sender.  He does not, however, explain when he ultimately received the right-to-sue letter, which he stated in his complaint he received on May 7, 2010.